IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **STANLEY BLACK & DECKER, INC. and THE BLACK & DECKER CORPORATION,** **Plaintiffs,** v. **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** **Defendants** | Case No. 20-cv-06808 Judge Robert M. Dow, Jr. Magistrate Judge Susan E. Cox |

# DEFENDANT XG POWER'S RESPONSE TO MOTION FOR JUDGMENT OF DEFAULT AND REQUEST FOR LEAVE TO FILE ANSWER TO THE COMPLAINT INSTANTER

XG POWER responds to Plaintiffs' Motion for Judgment of Default and moves the Court under

Fed. Rules Civ. Proc. Rule 6 (b)1(B) to extend the time for Defendant to provide an Answer to the

Complaint in this action. Defendant requests the Court's leave, based on facts set forth below and the accompanying Li Haopeng Declaration of Facts in Support of Motion.

### Background Facts

1. Plaintiffs filed a Complaint on November 17, 2020, concerning trademark and trade dress infringement, counterfeiting and related claims on its power hand tools product. (Doc. 1).

2. Plaintiffs included names that XG Power uses on its internet on a list of Defendants attached as Schedule A to the Complaint. (Doc. 2).

3. Plaintiffs did not provide traditional service or notice of the Complaint and Summons to Defendant. Li Haopeng Declaration of Facts in Support of Motion, ¶4.

4. XG Power is a Chinese company based in Shenzhen, China and sells power hand tools online using the name "batteryworldmall555", "lixiangshenghuo413", "batteryworldmall2", "batteryworldmall888", "batteryworldmall666", "0-cacrkb8x", and "huaqiangbei7456" for its internet marketing. Li Haopeng Declaration of Facts in Support of Motion, ¶2.

5. It was only on about December 24, 2020 that Defendant XG Power knew anything about this case. That is when it was discovered that its PayPal accounts had been frozen and received a notice from PayPal to contact opposing counsel, Keith Vogt by email to get information on this case. At that time, it was also discovered that the proceeds in Defendant's frozen PayPal account consisted largely of revenue from products that are not related to this litigation. Li Haopeng Declaration of Facts in Support of Motion, ¶5.

6. Defendant XG Power immediately tried to discover details of the case by contacting attorney Vogt at the email provided: attorney@Vogtip.com. Li Haopeng Declaration of Facts in Support of Motion, ¶6.

7. It was not until December 29, 2020 that Defendant XG Power received a response from Attorney Vogt. with an internet link. Through that link: http//:vogtinternetenforcement.website/?case=20-6808, Defendant was able to obtain the Complaint. After that Defendant began to seek legal assistance. Li Haopeng Declaration of Facts in Support of Motion, ¶7.

8. Defendant now understands that this Court has approved alternate service of the Complaint, but respectfully requests this Court to understand that the Complaint was not obtained until late December. Because of that, Defendant was hampered in filing a timely Answer to the Complaint. Li Haopeng Declaration of Facts in Support of Motion, ¶8.

9. Accordingly, Defendant requests leave to file an Answer in this matter so that Defendant may have a chance to participate in a defense. Defendant has attached a proposed Answer to this Motion, so that there not be more delay in going forward with the case.

10. In response to Plaintiffs' Motion for Default Judgment, Defendant requests the Court to consider the facts set forth herein and to deny Plaintiffs' Motion with respect to Defendant.

11. It is within the Courts sole discretion to grant or deny default judgments. (See McAnulty American national Bank and Trust Company of Chicago. 1995 WL 319600 (N.D.lll.) and Chapman v. Smith. 2003 WL 21542493 both cases set out the courts discretion to grant and set aside default judgments.) "We have cautioned that a court should impose a default judgment only in 'extreme situations where less drastic measures have proven unavailing.'" (McCready v. Harrison.67 Fed.Appx. 971, 2003 WL 21461755 (7th Cir.(ind.)) citing Silva v. City of Madison. 69 F.3d 1368, 1377 (7th Cir.1995)

**Relief Requested**

1. This Court is requested to allow leave for XG Power to Answer the Complaint, provide affirmative defenses and present a defense and counterclaims and thereby participate in this case. A

proposed Answer is attached to this Motion.

      2. Defendant requests the Court for leave to present a defense to Plaintiffs' Motion for Entry of Default Judgment.

      3. Defendant requests that Motion for Default be denied with respect to Defendant.

**<u>Respectfully Submitted</u>**

Dated: January 21, 2021                                               XG Power

                                                                              By: <u>s/ Mark E. Wiemelt</u>
                                                                                      Mark E. Wiemelt

Mark E. Wiemelt (06208213)
LAW OFFICES OF MARK E. WIEMELT, P.C.
31 E. Odgen Ave., #123
LaGrange, Illinois 60525
Ph: (312) 498-3377
E-mail: mark@wiemeltlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 20, 2021, he caused a true and complete copy of the foregoing **DEFENDANT XG POWER"S RESPONSE TO MOTION FOR JUDGMENT OF DEFAULT AND LEAVE TO FILE ANSWER TO THE COMPLAINT INSTANTER** to be served via the Court's CM/ECF system upon the following parties:

Keith A Vogt, Esq
Keith Vogt, Ltd.
111 W. Jackson Blvd. Suite 1700
Chicago Illinois 60604
Telephone: 312-675-6079

/s/ Mark E. Wiemelt